# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QBE SPECIALTY INSURANCE COMPANY, | CASE NO. 1:11-cv-00233-SKO |
| Plaintiff, | **ORDER DENYING PARTIES' STIPULATED REQUEST FOR A SCHEDULE MODIFICATION** |
| v. | |
| TLC SAFETY CONSULTANTS, INC., et al., | (Docket No. 35) |
| Defendants. | |

## I. INTRODUCTION

On May 18, 2012, the parties filed a stipulated request to modify the schedule. (Doc. 35.) The parties request that (1) the non-expert discovery deadline, currently set for June 29, 2012, be extended until August 13, 2012; (2) the expert discovery deadline, currently set for June 22, 2012, be extended until August 6, 2012; (3) the expert-witness disclosure deadline be continued from May 21, 2012, to July 5, 2012; and (4) the rebuttal-witness disclosure deadline be extended from June 4, 2012, to July 19, 2012. (Doc. 35.)  For the reasons discussed below, the parties' stipulated request is DENIED without prejudice to renewing the request.

## II.  DISCUSSION

The parties' proposed modification to the schedule and the existing deadlines are as follows:

| | **Deadline/Date** | **Current Schedule** | **Proposed Schedule** |
|---|---|---|---|
| 1. | Expert Disclosure | May 21, 2012 | July 5, 2012 |
| 2. | Rebuttal Expert Discl. | June 4, 2012 | July 19, 2012 |
| 3. | Expert Discovery | June 22, 2012 | August 6, 2012 |
| 4. | Non-Expert Discovery | June 29, 2012 | August 13, 2012 |
| 5. | Non-Disp. Mot. Filing | June 27, 2012 | Unchanged |
| 6. | Non-Disp. Hearing | July 25, 2012 | Unchanged |
| 7. | Dispositive Filing | August 1, 2012 | Unchanged |
| 8. | Dispositive Hearing | September 12, 2012 | Unchanged |
| 9. | Pre-Trial Conf. | October 24, 2012 | Unchanged |
| 10. | Trial | December 3, 2012 | Unchanged |

Federal Rule of Civil Procedure 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent."  As good cause for the requested extension of the discovery deadlines, the parties indicate that they have diligently attempted to complete the depositions of lay witnesses and written discovery thereto, but have been unable to do so despite their best collective efforts. (Doc. 35, 2:5-9.) Without completion of this non-expert discovery, the parties' experts are unable to "formulate meaningful opinions." (Doc. 35, 2:9-11.)

While events sometimes conspire against even the most diligent practitioner in meeting deadlines, the reason for the modification of the schedule is vague and good cause for the continuance is difficult to ascertain. Additionally, the Scheduling Order requires that any request for a schedule modification set forth good cause supported by a declaration. (*See* Doc. 17, 8:2-4 ("Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.").) Here, there is no declaration or affidavit establishing good cause for a schedule modification.

1    Moreover, the proposed modification necessarily impacts other deadlines in the current
2 schedule, such as the dates for filing and hearing non-dispositive motions, dispositive motions, the
3 pre-trial conference, and the trial dates.  For example, the current non-dispositive motion filing
4 deadline is June 27, 2012, and the dispositive motion filing deadline is August 1, 2012.  If the non-
5 expert discovery deadline is reset for August 13, 2012, the parties may be unable to complete their
6 discovery prior to the deadline to file any additional dispositive or non-dispositive motions and
7 effectively eliminate the ability to conduct any motion practice with regard to discovery taken after
8 the expiration of those filing deadlines.  Alternatively, if the motion filing deadlines are extended
9 to allow for the completion of discovery under the proposed schedule, the pre-trial conference and
10 the trial dates become untenable.  Perhaps the parties do not anticipate filing any additional
11 dispositive motions or foresee no need for any non-dispositive motions related to discovery and are
12 willing to waive their opportunity to file such motions.  As these issues are not addressed in the
13 parties' stipulated request for a modification, however, the Court is hesitant to implement a schedule
14 that appears problematic in the long term or to *sua sponte* adjust the pre-trial conference and trial
15 dates to accommodate additional time for discovery.

### III.   CONCLUSION

17    For the reasons set forth above, the Court HEREBY ORDERS that the parties' stipulated
18 request for a schedule modification is DENIED without prejudice and with leave to renew their
19 stipulated request clarifying why the current deadlines cannot be met and how the proposed schedule
20 changes may be implemented given the remaining deadlines and dates currently set.

22 IT IS SO ORDERED.

23 **Dated:   May 29, 2012**               /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE